ROSALY ET AL., RECURRENTES, *v.* EL REGISTRADOR DE PONCE, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Ponce, denegando la inscripción de una escritura de hipoteca.

No. 212.—Resuelto en febrero 2, 1915.

LEGÍTIMA FORZOSA—TESTADOR—DERECHOS DE LOS HIJOS.—Un testador no puede gravar la legítima forzosa de sus hijos.

HERENCIA—ANTICIPO DE HERENCIA—COLACIÓN.—Los anticipos de herencia deben traerse a colación, de acuerdo con el artículo 1001 del Código Civil revisado.

ID.—CONDICIÓN IMPUESTA POR EL PADRE Y VIOLADA POR EL HIJO—INSCRIPCIÓN EN EL REGISTRO.—La condición impuesta por un padre al ceder bienes

a un hijo como anticipo de herencia, de no venderlos ni hipotecarlos, no después de su muerte sino mientras el padre viva, es perfectamente válida, y procede correctamente un registrador que se niega a inscribir una escritura de hipoteca de dichos bienes otorgada por el hijo.

Los hechos están expresados en la opinión.

Los recurrentes comparecieron por escrito en nombre propio.

El registrador, Sr. José Miguel Márquez, no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso gubernativo interpuesto contra cierta nota del Registrador de la Propiedad de Ponce.

En 27 de noviembre de 1914, los esposos José María Arias y Claudia Rosaly constituyeron una hipoteca por escritura pública otorgada ante el Notario Rodríguez Acevedo, para responder de ciertas cantidades representadas por títulos trasmisibles por endoso, a favor de los endosatarios de esos títulos. En la escritura se consigna que la finca gravada es de la propiedad de la compareciente doña Claudia Rosaly por haberla adquirido por anticipo de herencia que le hiciera su señor padre Don Manuel Rosaly Castillo, según constaba de escritura pública otorgada en Barcelona, España, e inscrita en el Registro de la Propiedad de Ponce, Puerto Rico.

Presentada para su inscripción la escritura de hipoteca de 27 de noviembre de 1914, el registrador se negó a inscribirla por medio de la nota que ha sido recurrida y que, copiada a letra, dice así:

"Denegada la inscripción del precedente documento porque habiendo adquirido, según el registro, la Señora Rosaly y Vázquez, la finca hipotecada a título de cesión que le hizo su padre natural Don Manuel Rosaly y Castillo como anticipo de la herencia que pueda corresponderla, con la condición de no vender ni hipotecar la misma finca mientras viva su citado padre, carece la hipotecante de capacidad legal para el contrato que se pretende inscribir, y tomada en su lugar anotación preventiva por el término legal al folio 186 del tomo 80 de Ponce, finca número 3480 anotación letra A. Ponce y noviembre 30 de 1914."

La parte recurrente, sin citar en concreto ningún precepto de ley, ni jurisprudencia alguna, sostiene en su alegato que:

"Es un principio de derecho y así lo establece el Código Civil que los padres no podrán imponer condición alguna o gravamen sobre la legítima forzosa que pueda en su día corresponder a los hijos, toda vez que esa porción hereditaria pasa a los hijos, no por voluntad de los padres, sino por mandato de la ley y es también un principio de derecho que los anticipos de herencia son a cuenta de esa porción forzosa, puesto que la ley permite a los hijos solicitar del padre como anticipo de herencia hasta la mitad de su presunta herencia, por tanto si a la herencia forzosa no puede imponerse condiciones, menos pueden imponerse a los anticipos de esa misma herencia. Es otro principio de derecho que las cláusulas nulas por ser contrarias a ley, se entenderán por no puestas, por tanto, esas cláusulas nunca tienen eficiencia legal."

Estamos enteramente conformes con la parte recurrente en que el testador no puede gravar la legítima forzosa de sus hijos. Así lo dispuso y lo dispone la ley y lo ha reconocido y aplicado la jurisprudencia. Ley 11, título 4ª., partida 6ª.; artículo 813 del Código Civil antiguo; artículo 801 del Código Civil Revisado de 1902; sección 4 de la ley para modificar los artículos 795, etc., del Código Civil, aprobada en 9 de marzo de 1905; Leyes de 1905, p. 173. "Los hijos deben percibir las legítimas, tanto la paterna como la materna, libres y sin gravamen ni condición alguna." Sent. del T. S. de España de 27 de junio de 1857. "Cuando se trata de herederos forzosos, su legítima no admite gravamen de ninguna especie." Sent. del T. S. de España de 17 de abril de 1885.

Pero el caso sometido a nuestra consideración y decisión es distinto. Los derechos a la sucesión de una persona se trasmiten desde el momento de su muerte, (art. 665 del Código Civil Revisado), y aquí no se trata de sucesión alguna. La escritura llamada de anticipo de herencia otorgada por Don Manuel Rosaly a favor de su hija Doña Claudia, lo fué en vida de Don Manuel, para surtir efecto mientras él viviera.

Al morir su padre, Doña Claudia estaba en la obligación de traer la finca a colación, de acuerdo con la ley. Art. 1035 del Código Civil antiguo y 1001 del Código Civil Revisado.

Mientras viva el Sr. Rosaly, debemos presumir que tiene la libre administración de sus bienes. La parte recurrente sostiene que el valor, $9,000, de la finca cedida pòr Rosaly a su.hija, es inferior al que por vía de testamento habría de corresponderle. Tal vez fuera así en el momento de la cesión, pero tal vez pueda no serlo en el momento de la muerte de Rosaly. Los bienes de una persona están sujetos a las naturales contingencias de la vida y pueden preservarse intactos por muchos años o aumentarse o disminuirse considerablemente y aun desaparecer por completo en un breve espacio de tiempo. ''La ley,'' dice Manresa comentando el artículo 813 del Código Civil antiguo que citamos anteriormente, ''se refiere a los gravámenes, condiciones y sustituciones consignados en el testamento o última voluntad: no se opone a la libre disposición por actos entre vivos, aun cuando de éstos los que, tengan una causa lucrativa podrán después anularse o reducirse como inoficiosos.''

A nuestro juicio la condición impuesta por el Sr. Rosaly al ceder los bienes a su hija de no venderlos ni hipotecarlos mientras él viviera, es perfectamente válida, y en tal virtud al negarse a inscribir el registrador la escritura de hipoteca de los dichos bienes, procedió correctamente. En ausencia de una prohibición legislativa clara, cualquier duda que pudiera existir debe resolverse en favor del poder del dueño (en este caso el padre), para disponer de sus bienes con las limitaciones que estimare convenientes.

Para mayor claridad debemos consignar que no se trata aquí del caso de la dote obligatoria a que se refieren los artículos 1340 y siguientes del Código Civil antiguo y 1306 y siguientes del Código Civil Revisado, sino de la cesión de una finca hecha por un padre a una hija ''como anticipo de la herencia que pueda corresponderla con la condición de no vender ni hipotecar la misma finca mientras viva su citado

padre," según sostiene el registrador en su nota y admite la parte recurrente en su alegato.

Por las razones expuestas, debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.